IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chad E. West, | : | |
| Petitioner | : | Civil Action 2:10-cv-01177 |
| v. | : | Judge Frost |
| Rob Jeffreys, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |

## ORDER

Petitioner Chad E. West, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States.  This matter is before the Court on Magistrate Judge Abel's August 9, 2011 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be denied because it is barred by the one year statute of limitations for federal habeas corpus actions (doc. 15). On October 21, 2011, petitioner West filed objections to the Report and Recommendation (doc. 19).

A Franklin County Common Pleas Court jury found West  found guilty of raping and kidnaping 13 year old James Conley and burglary. Petitioner argues that the Magistrate Judge erred in finding that his fourteen grounds for relief are barred by the statute of limitations. Petitioner's grounds for relief are set out at pages 6-10 of the August 9, 2011 Report and Recommendation (doc. 15, PAGEID ## 875-79). The evidence at trial is summarized at pages 10-18 of the Report and Recommendation (*Id.,* PAGEID ## 879-87.) The Magistrate Judge's decision West failed to file his petition

within the one-year limitations period set forth in § 2244(d)(1)(D) is set out at pages 24-30 of the Report and Recommendation (*Id.*, PAGEID ## 893-931.).

Specifically, the Magistrate Judge found:

The pertinent dates are as follows:

| | |
|---|---|
| January 24, 2003 | Petitioner is resentenced following his appeal. |
| February 24, 2003 | The statute of limitations begins to run, which is 30 days after West's resentencing excluding the day that begins the period. |
| July 9, 2003 | Petitioner files his first motion for new trial. |
| May 10, 2005 | The state Court of Appeals affirms trial court's denial of new trial motion; no appeal is made. |
| December 15, 2008 | Petitioner files second motion for a new trial. |
| January 27, 2010 | The Ohio Supreme Court denies leave to appeal the denial of the second motion for a new trial. |

West concedes that equitable tolling does not apply to his petition. The issue to be resolved is whether 28 U.S.C. § 2244(d)(1)(D) applies to plaintiff's second motion for new trial. If 28 U.S.C. § 2244(d)(1)(D) is not applicable, then the statute of limitations expired December 26, 2005.[1]
Section 2244(d)(1)(D) states:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to

---

[1] The appropriate date to use to start the limitations period is the date West's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). West did not appeal his resentencing, and the statute of limitations began 30 days later, not counting the day of the event, on February 24, 2003. From the expiration of the time for West to seek an appeal to the state Court of Appeals (February 24, 2003) to the date of the filing of his first motion for new trial (July 9, 2003) 135 days passed. The statute of limitations expired 230 days after the state Court of Appeals denied West's first motion for a new trial on December 26, 2005.

> the judgment of a State court. The limitation period shall run from the latest of--

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D).

. . .

Despite petitioner's reliance on 28 U.S.C. § 2244(d)(1)(D), his petition was not timely filed with this Court. First, petitioner has offered no evidence about the discovery his counsel obtained from the prosecutor. The prosecutor did provide discovery to the defense. (Tr. 215-16, doc. 10, PAGEID # 770-71.) Without knowing what that discovery was, there is no way of determining whether the evidence offered by petitioner was not available to him at trial. Petitioner did not state with specificity when he obtained the documents listed above. Second, without knowing what information the defense had at trial, it is not possible to know what further evidence could have been obtained by the defense with due diligence. Consequently, as the Ohio Court of Appeals held, petitioner has failed to demonstrate the factual predicate for relying on § 2244(d)(1)(D).

Additionally, petitioner has failed to demonstrate that he acted promptly to bring his claims based on new evidence to the Ohio courts and this court. The documents petitioner relies on were apparently provided to petitioner by the Ohio Innocence Project in July 2008. *See* doc. 10-4 at 70. Petitioner did not file his second motion for new trial until December 15, 2008, 167 days after receiving the documents. The Ohio Supreme Court rejected petitioner's appeal on January 27, 2010, and petitioner waited an additional 336 days before filing his petition with this Court. Although his mother's letter was dated November 20, 2008, nothing prevented West from obtaining this information earlier.

Finally, none of the evidence petitioner relies on, even if unavailable to him at trial and even if he promptly pursued his claims based on that evidence when it was discovered by him, demonstrates that he was denied a fair trial. At the end of the day, the trial came down to who the jury believed, James Conley or Chad West. None of the allegedly withheld evidence undermined Conley's credibility or bolstered West's. The issue was not whether Conley was raped but whether West was the perpetrator. Whether the rapist used a condom, what bed the rape occurred on, whether the motel room was dusted for fingerprints, whether there was feces on the victim's body, whether his father met the police in the parking lot or a block away, and whether there ever was a tennis court at the Knight's Inn are all irrelevant to the issue of whether West raped James Conley.

(*Id.*, pages 24-25 and 28-30, PAGEID ## 894-95 and 897-99.)

Petitioner argues that there was good cause for his delay in filing his second motion for a new trial because he relied on documents first provided him by the Ohio Innocence Project and he did not want to act on his own until after the Ohio Innocence Project decided whether to represent him. First, that argument fails to address the issue of whether those documents were truly new evidence unknown to the defense at trial. At the Report and Recommendation points out, Petitioner has offer no evidence about what information his counsel had available to him during trial. Second, the Ohio Innocence Project never agreed to represent West. It is his claim, and he was responsible for promptly presenting it to the Ohio courts. He failed to do so.

Petitioner also objects to the Magistrate Judge's findings that at the end of the day this was a jury credibility issue and none of the allegedly newly discovered evidence demonstrate that he was denied a fair trial. Having reviewed the record, the Court determines that the Magistrate Judge did not err in making that finding.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

    /s/ Gregory L. Frost
Gregory L. Frost
United States District Judge